FILED

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA

2011 JUN -2 P 4: 31

CLERK US DISTRICT COURT
ALEXANDRIA. VIRGINIA

|                          |   |
|--------------------------|---|
| OTELS, INC.              | ) |
|            Plaintiff,    | ) |
|                          | ) |
| v.                       | ) |
|                          | ) |
| METIN ALTUN, and         | ) |
| METGLOBAL, INC.,         | ) |
|                          | ) |
|            Defendants.   | ) |

1: 11 CV 604
AJT /JFA

**PLAINTIFF'S COMPLAINT FOR TRADEMARK INFRINGEMENT,
UNFAIR COMPETITION, AND BREACH OF CONTRACT**

COMES NOW the Plaintiff, Otels, Inc. ("Otels"), by Counsel, and for its Complaint against Metin Altun and MetGlobal, Inc. (collectively "Defendants"), the Defendants jointly and severally, hereby alleges as follows:

<u>**JURISDICTION**</u>

1.      This is an action for trademark infringement under 15 U.S.C. §1114(1), unfair competition under 15 U.S.C. §1125 et. seq. and unfair competition and breach of contract arising under Virginia common law. This court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a), (b).

2.      Venue is proper in this District Pursuant to 28 U.S.C. § 1391 and 1400.

**THE PARTIES**

3.      Otels, Inc. is a corporation existing under the laws of the Commonwealth of Virginia, having a principal place of business at 2111 Wilson Blvd., Suite 700, Arlington, VA 22201.

4.     On information and belief, and according to the Settlement Agreement (EXHIBIT A), Defendant Metin Altun is a citizen of the country of Turkey, with an address at Cumhuriyet Cad. No: 233, Harbiye, 80230 Istanbul, Turkey. A true and correct copy of the Settlement Agreement is attached as Exhibit A.

5.     On information and belief, and according to the Settlement Agreement (EXHIBIT A), Defendant MetGlobal, Inc. is a corporation organized under the laws of the State of Delaware, with a principal place of business at 330 West 38th Street, Suite 1004, New York, NY 10018.

## COUNT I – TRADEMARK INFRINGEMENT (OTEL.COM)

Paragraphs 1-5 are incorporated herein by reference.

6.     On May 18, 2004, United States Trademark Registration No. 2,842,433 ("the '433 Registration") for the mark OTELS ("the OTELS Mark") for "directory services, namely, providing information on transportation for others" in International Class 039 and "travel agency services, namely, making reservations and bookings for temporary lodging for others; providing information on temporary lodging for others" in International Class 043 ("the OTELS Services") was duly and legally issued to Plaintiff, Otels. A true and correct copy of the '433 Registration is attached as Exhibit B.

7.     Otels has continuously used the OTELS Mark in connection with the OTELS Services since at least as early as 2001 in commerce in the United States. Plaintiff almost exclusively markets its services through the Internet and its website located at www.otels.com and relies upon it to obtain customers.

8.     Through its use of the OTELS Mark since at least as early as 2001, and its registration of the mark, Otels has developed significant goodwill in the OTELS Mark, and

2

significant consumer recognition of Otels as the source of quality travel-related services sold under that mark.

9.      On information and belief, Defendants have provided travel agency services, including making reservations and bookings for transportation, and making reservations and bookings for temporary lodging under the confusingly similar infringing term OTEL.COM, and the infringing domain name OTEL.COM, within this judicial district. Evidence of the provision of those services in this judicial district under the confusingly similar infringing term OTEL.COM and OTEL.COM domain name is appended hereto and identified as Exhibit C, to wit, a copy of the home page of the www.otel.com website, which allows for users in this judicial district to enter reservation information and receive bookings through the www.otel.com website, which website bears the confusingly similar infringing term "OTEL.COM" and design Defendants continue to engage in this infringing activity and, based upon information and belief, will continue to do so unless enjoined by this court.

10.     Upon information and belief, Defendants almost exclusively market their services through the Internet and its webpage located at the infringing domain name www.otel.com and relies upon it to obtain customers.

11.     Defendant Altun also applied for federal registration of www.otel.com , namely, Application Serial No. 78/492,678 ("the '678 Application") for "travel agency services, namely, making reservations and bookings for transportation" in International Class 039 and "travel agency services, namely, making reservations and booking for temporary lodging" in International Class 043 on September 30, 2004 subsequent to the registration date of the OTELS Mark. On February 13, 2006, the '678 Application was refused registration in the United States Patent and Trademark Office on the grounds that it was likely to cause confusion, to cause

3

mistake, or to deceive the public with respect to, among other marks, the OTELS Mark in the '433 Registration. No response to that refusal was filed by the Defendant Altun and the Application was abandoned on August 14, 2006. Nevertheless, Defendants have continued to use the OTEL.COM name and www.otel.com domain name. A copy of the Defendants' '678 Application, Status and Notice of Abandonment are attached as Exhibit D.

12.     As a consequence of the Defendants' acts of infringement, Otels has been damaged in an amount not yet determined, but which may be determined at trial in this action. In addition, Otels has been irreparably injured by Defendants' infringing activities. Defendants will continue to cause irreparable injury to Otels in the future unless Defendants' activities are enjoined by this Court.

13.     On information and belief, Defendants' infringement of the OTELS Mark has been, and continues to be, willful and deliberate.

## COUNT II – TRADEMARK INFRINGEMENT (Keyword Advertising)

Paragraphs 1-13 are incorporated herein by reference.

14.     On information and belief, Defendants have purchased and continue to purchase and use the Plaintiff's OTELS Mark and OTELS.COM domain name as advertising keywords through Google's AdWords program. Evidence of the purchase of the AdWord OTELS and OTELS.COM by Defendants attached as Exhibit E.

15.     On information and belief, Defendants have purchased and continue to purchase and use the Plaintiff's OTELS.COM domain name as an advertising keyword through Microsoft Bing and Yahoo! search engine advertising sales programs. Evidence of the purchase of the keyword OTELS.COM by Defendants attached as Exhibit F.

16.     Defendants' purchase and use of the Plaintiff's OTELS Mark and OTELS.COM domain name as advertising keywords on Internet search engines is likely to cause confusion, or to cause mistake, or to deceive consumers.

17.     Defendants' purchase and use of the Plaintiff's OTELS Mark and OTELS.COM domain name as advertising keywords on Internet search engines has caused actual confusion, mistake, or deception among consumers.

18.     As a consequence of the Defendants' acts of infringement, Otels has been damaged in an amount not yet determined, but which may be determined at trial in this action. In addition, Otels has been irreparably injured by Defendants' infringing activities. Defendants will continue to cause irreparable injury to Otels in the future unless Defendants' activities are enjoined by this Court.

19.     On information and belief, Defendants' infringement of the OTELS Mark through the purchase of infringing advertising keywords on Internet search engines has been, and continues to be, willful and deliberate.

**COUNT III – UNFAIR COMPETITION: FALSE DESIGNATION OF ORIGIN**

Paragraphs 1-19 are incorporated herein by reference.

20.     On information and belief, Defendants have provided travel agency services, including making reservations and bookings for transportation, and making reservations and bookings for temporary lodging under the confusingly similar infringing term OTEL.COM, and the infringing domain name www.otel.com, within this judicial district. Through their infringing use of the confusingly similar term OTEL.COM and otel.com domain name, Defendants have made or contributed to the making of false designation of origin, false or misleading descriptions of fact, and/or false or misleading representations of fact, which are likely to cause confusion, or

5

to cause mistake, or to deceive as to the affiliation, connection, or association of the Defendants with the Plaintiff, or as to the origin, sponsorship, or approval of the Defendants' services by the Plaintiff in violation of 15 U.S.C. §1125(a)(1)(A).

21.     Defendants, through their use of the confusingly similar term and domain name, have made or contributed to the making of false designation of origin, false or misleading descriptions of fact, and/or false or misleading representations of fact, which have caused actual confusion, mistake, or deception as to the affiliation, connection, or association of the Defendants with the Plaintiff, or as to the origin, sponsorship, or approval of the Defendants' services by the Plaintiff in violation of 15 U.S.C. §1125(a)(1)(A).

22.     Defendants' purchase and use of the Plaintiff's OTELS Mark and OTELS.COM domain name as advertising keywords on Internet search engines and its resulting advertisement appearing in search results for those keywords is likely to cause confusion, or to cause mistake, or to deceive consumers as to the affiliation, connection, or association of the Defendants with the Plaintiff, or as to the origin, sponsorship or approval of Defendants' services by the Plaintiff in violation of 15 U.S.C. §1125(a)(1)(A).

23.     Defendants' purchase and use of the Plaintiff's OTELS Mark and OTELS.COM domain name as advertising keywords on Internet search engines has caused actual confusion, mistake, or deception of consumers as to the affiliation, connection, or association of the Defendants with the Plaintiff, or as to the origin, sponsorship or approval of Defendants' services by the Plaintiff in violation of 15 U.S.C. §1125(a)(1)(A).

24.     Upon information and belief, Defendants' unfair acts described above constitute unfair competition.

6

25.     Upon information and belief, Defendants' unfair acts have been committed in bad faith and with the intent to cause confusion, to cause mistake, or to deceive consumers as to the affiliation, connection, or association of the Defendants with the Plaintiff, or as to the origin, sponsorship or approval of Defendants' services by the Plaintiff.

26.     As direct and proximate result of Defendants' unfair competition, Plaintiff has been and is likely to continue to be substantially injured in its business including harm to its goodwill and its reputation and loss of revenues and profits.

27.     Plaintiff has no adequate remedy at law because the OTELS Mark is unique and represents to the public the Plaintiff's identity, reputation, and goodwill, such that damages alone cannot fully compensate Plaintiff for Defendants' misconduct.

28.     Unless enjoined by this Court, Defendants and those acting in concert with them will continue to infringe Plaintiff's rights in the OTELS Mark and OTELS.COM domain name to the Plaintiff's irreparable injury. This threat of future injury to the Plaintiff's business identity, goodwill, and reputation requires injunctive relief to prevent Defendant's continued use of the confusingly similar infringing term OTEL.COM and OTEL.COM domain name and use of the Plaintiff's mark in interstate commerce through the purchase of the OTELS Mark and OTELS.COM domain name as Internet advertising keywords, and to ameliorate and mitigate Plaintiff's injuries.

## COUNT IV – UNFAIR COMPETITION: IMPLIED PASSING OFF

Paragraphs 1-28 are incorporated herein by reference.

29.     On information and belief, Defendants have provided travel agency services, including making reservations and bookings for transportation, and making reservations and bookings for temporary lodging under the confusingly similar infringing term OTEL.COM, and

the infringing domain name OTEL.COM, within this judicial district. Through their infringing use of the confusingly similar mark OTEL.COM and www.otel.com domain name, Defendants misrepresented to consumers that Plaintiff's OTELS Services are those of the Defendants and/or that Defendants are prepared to deliver to consumers the Plaintiff's OTELS Services. Upon information and belief, such conduct has deceived and is likely to deceive consumers.

30.    Defendants' purchase and use of the Plaintiff's OTELS Mark and OTELS.COM domain name as advertising keywords on Internet search engines and its resulting advertisement appearing in search results for those keywords misrepresents to consumers that Plaintiff's OTELS Services are those of the Defendants and/or that Defendants are prepared to deliver to consumers the Plaintiff's OTELS Services. Upon information and belief, such conduct has caused and is likely to continue to cause confusion, mistake, or deception of consumers.

31.    Defendants' conduct constitutes implied passing off, in violation of 15 U.S.C. §1125(a)(1)(A).

32.    Defendants' use in interstate commerce of the confusingly similar infringing term OTEL.COM and OTEL.COM domain name, and use of the Plaintiff's mark in interstate commerce through the purchase of the OTELS Mark and OTELS.COM domain name as Internet advertising keywords, are likely to cause confusion and have caused actual confusion, mistake or deception with individuals seeking to purchase travel agency services as to the quality, origin, sponsorship, or approval of Defendants' services in violation of 15 U.S.C. §1125(a)(1)(A).

33.    Particularly, individuals are likely to use and/or have used Defendants' services based upon the use of the confusingly similar infringing term OTEL.COM and OTEL.COM domain name and the appearance of the OTEL.COM advertised listing in Internet search engine

8

results for a search of the term OTELS or OTELS.COM, thereby diverting business away from Plaintiff and resulting in a loss of customers and sales to the Plaintiff.

34. In addition to the reasons set forth in the preceding paragraphs, Plaintiff has no adequate remedy at law because, for example, Plaintiff has no control over Defendants, over the quality of the services offered by Defendants under the confusingly similar term OTEL.COM and www.otel.com domain name, or over the perceptions consumers may form of the Plaintiff's services from having utilized the Defendants' services offered under the confusingly similar term OTEL.COM and OTEL.COM domain name, such that damages alone cannot fully compensate Plaintiff for Defendants' misconduct.

35. Unless enjoined by this Court, Defendants and those acting in concert with them will continue to infringe Plaintiff's rights in the OTELS Mark and OTELS.COM domain name to the Plaintiff's irreparable injury. This threat of future injury to the Plaintiff's business identity, goodwill, and reputation requires injunctive relief to prevent Defendants' continued use of the confusingly similar infringing term OTEL.COM and OTEL.COM domain name and use of the Plaintiff's mark in interstate commerce through the purchase of the OTELS Mark and OTELS.COM domain name as Internet advertising keywords, and to ameliorate and mitigate Plaintiff's injuries.

## COUNT V – UNFAIR COMPETITION: FALSE ADVERTISING

Paragraphs 1-35 are incorporated herein by reference.

36. On information and belief, Defendants, through their infringing use of the confusingly similar term OTEL.COM and OTEL.COM domain name, use false and/or misleading descriptions and/or representations of fact in commercial advertising or promotion

9

which misrepresent the nature, characteristics and/or qualities of their services in violation of 15 U.S.C. §1125(a)(1)(B).

37.     On information and belief, Defendants, through their infringing purchase and use of the Plaintiff's OTELS Mark and OTELS.COM domain name as advertising keywords on Internet search engines and its resulting advertisement appearing in search results for those keywords, use false and/or misleading descriptions and/or representations of fact in commercial advertising or promotion which misrepresent the nature, characteristics and/or qualities of their services in violation of 15 U.S.C. §1125(a)(1)(B).

38.     Upon information and belief, Defendants, through the false and misleading use of the confusingly similar infringing term OTEL.COM and OTEL.COM domain name and purchase and use of the Plaintiff's OTELS Mark and OTELS.COM domain name as advertising keywords on Internet search engines and the resulting appearance of Defendants' advertisements in search results for those keywords, actually deceive or have a tendency to deceive a substantial segment of consumers, and such actions have been committed willfully and in bad faith and with the intent to cause confusion, to mislead, and/or to deceive.

39.     As direct and proximate result of Defendants' unfair competition, Plaintiff has been and is likely to continue to be substantially injured in its business including harm to its goodwill and its reputation and loss of revenues and profits.

40.     Plaintiff has no adequate remedy at law because the OTELS Mark is unique and represents to the public the Plaintiff's identity, reputation, and goodwill, such that damages alone cannot fully compensate Plaintiff for Defendants' misconduct.

41.     Unless enjoined by this Court, Defendants and those acting in concert with them will continue to infringe Plaintiff's rights in the OTELS Mark and OTELS.COM domain name

to the Plaintiff's irreparable injury. This threat of future injury to the Plaintiff's business identity, goodwill, and reputation requires injunctive relief to prevent Defendant's continued use of the confusingly similar infringing term OTEL.COM and OTEL.COM domain name and use of the Plaintiff's mark in interstate commerce through the purchase of the OTELS Mark and OTELS.COM domain name as Internet advertising keywords, and to ameliorate and mitigate Plaintiff's injuries.

## COUNT VI – UNFAIR COMPETITION: UNDER VIRGINIA COMMON LAW

Paragraphs 1-41 are incorporated herein by reference.

42.     Defendants' acts, practices, and conduct through their infringing use of the confusingly similar term OTEL.COM and OTEL.COM domain name in interstate commerce constitute unfair competition and false designation of origin likely to deceive or mislead customers and potential customers, under Virginia common law.

43.     Defendants' acts, practices, and conduct through their infringing purchase and use of the Plaintiff's OTELS Mark and OTELS.COM domain name as advertising keywords on Internet search engines and its resulting advertisement appearing in search results for those keywords constitute use of the Plaintiff's mark in interstate commerce and unfair competition and false designation of origin likely to deceive or mislead customers and potential customers, under Virginia common law.

44.     Upon information and belief, Defendants' acts of unfair competition have been committed willfully and in bad faith and with the intent to cause confusion, to mislead, and/or to deceive.

45.    As direct and proximate result of Defendants' unfair competition, Plaintiff has been and is likely to continue to be substantially injured in its business including harm to its goodwill and its reputation and loss of revenues and profits.

46.    Plaintiff has no adequate remedy at law because the OTELS Mark is unique and represents to the public the Plaintiff's identity, reputation, and goodwill, such that damages alone cannot fully compensate Plaintiff for Defendants' misconduct.

47.    Unless enjoined by this Court, Defendants and those acting in concert with them will continue to infringe Plaintiff's rights in the OTELS Mark and OTELS.COM domain name to the Plaintiff's irreparable injury. This threat of future injury to the Plaintiff's business identity, goodwill, and reputation requires injunctive relief to prevent Defendant's continued use of the confusingly similar infringing term OTEL.COM and OTEL.COM domain name and use of the Plaintiff's mark in interstate commerce through the purchase of the OTELS Mark and OTELS.COM domain name as Internet advertising keywords, and to ameliorate and mitigate Plaintiff's injuries.

## COUNT VII – BREACH OF CONTRACT

Paragraphs 1-47 are incorporated herein by reference.

48.    On June 5, 2007, Plaintiff filed a complaint with this Court against the Defendants alleging trademark infringement and unfair competition. A copy of the complaint in Case No. 1:07cv551 is attached as Exhibit G.

49.    In an attempt to resolve Case No. 1:07cv551, the parties entered into a Settlement Agreement (Exhibit A) on December 27, 2007.

50.    The Defendant has consistently and repeatedly breached several of the provisions of the agreement.

12

51.     The Plaintiff, by counsel, sent written notices detailing the breaches of the Settlement Agreement to the Defendants and their counsel by mail in December 2010, and then by e-mail on April 20, 2011 pursuant to Paragraph 11 "Period to Cure" and Paragraph 14 "Notices" of the Settlement Agreement. A copy of the April 20, 2011 notice is attached as Exhibit H.

52.     Defendants replied on April 22, 2011, stating contradictorily that they both "already comply and will continue to comply" with the agreement and that they "have already started to cure and will continue to cure the breaches" in Plaintiff's notice. The response further provided for an unsatisfactory cure to the breach of Paragraph 6(a) in connection with the appearance of the banner of Defendants' webpage that is not in compliance with the Settlement Agreement. The Defendants reply made no mention of the breach of Paragraph 4 "Defendants Restriction on Keyword Advertising." A copy of the reply is attached as Exhibit I.

53.     On May 2, 2011, Defendants sent an e-mail response to Plaintiff's counsel stating "as you can see now, we have completed all changes." A copy of the e-mail response is attached as Exhibit J.

54.     The Period to Cure of fourteen (14) days dating from the transmission of the written notice on April 20, 2011 has passed. No further compliance or response has been received from Defendants. Despite their responses to the contrary, Defendants remain in breach of Paragraphs 4, 6(a) and 6(f) of the Settlement Agreement each of which was listed in the written notice. The breaches are clearly shown in Exhibit C showing the banner of Defendants' webpage in breach of Paragraph 6(a), Exhibit E showing the use of the Plaintiff's OTELS Mark in keyword, adword and sponsored advertising on the internet by the Defendants, and Exhibit K,

attached, showing screenshots of the OTEL.COM webpage demonstrating some of the breaches of Paragraph 6(f).

55.     Pursuant to Paragraph 11, "in the event that the Breaching Party [Defendants] fails to cure or fails to provide a satisfactory response to the alleged violations and/or breaching acts, the Complaining Party's [Plaintiff's] remedy lies in a suit for Breach of [the] Agreement."

56.     Defendants have failed to cure the breaches set forth in the notice or provide a satisfactory response as their replies are disingenuous, not compliant with the Settlement Agreement and incomplete. Therefore, Plaintiff files this suit for breach of the Settlement Agreement as is its remedy under the Agreement.

57.     Upon information and belief, Defendants' acts in breach of the Settlement Agreement and continued failure to cure have been committed willfully and in bad faith and with the intent to cause harm to the Plaintiff.

58.     As direct and proximate result of Defendants' breaches of the Settlement Agreement, Plaintiff has been and is likely to continue to be substantially injured in its business including harm to its goodwill and its reputation and loss of revenues and profits, and seeks judgment against Defendants, jointly and severally, for an amount to be proven at the trial of this matter.

59.     Plaintiff has no adequate remedy at law because the OTELS Mark is unique and represents to the public the Plaintiff's identity, reputation, and goodwill, such that damages alone cannot fully compensate Plaintiff for Defendants' misconduct.

60.     Unless enjoined by this Court, Defendants and those acting in concert with them will continue to infringe Plaintiff's rights under the Settlement Agreement. This threat of future injury to the Plaintiff's business identity, goodwill, and reputation requires injunctive relief to

prevent Defendant's continued breach of the Settlement Agreement, and to ameliorate and mitigate Plaintiff's injuries.

61.     As a direct and proximate result of Defendants' acts in breach of the Settlement Agreement as aforesaid, Plaintiff has been injured and damaged and continues to be injured and damaged and seeks rescission of the agreement.

**PRAYER FOR RELIEF**

WHEREFORE, Otels prays for judgment that:

A.     An Order preliminarily and permanently enjoining Defendants, jointly and severally, their agents, servants and employees, and those people in active concert or participation with them from:

1.     Further infringing  Plaintiff's rights in the OTELS Mark in any manner, including but not limited to: prohibiting Defendants from advertising, marketing, offering for sale, selling or otherwise providing services under the confusingly similar infringing term OTEL.COM and OTEL.COM domain name;

2.     Using the confusingly similar infringing term OTEL.COM and OTEL.COM domain name;

3.     Purchasing or using the OTELS Mark or OTELS.COM domain name as an Internet advertising keyword or in a sponsored listing on search engines;

4.     Passing off any of their services as those of the Plaintiff;

5.     Causing a likelihood of confusion or misunderstanding as to the origin or sponsorship of their businesses, products or services;

6.      Causing a likelihood of confusion or misunderstanding as to their affiliation, connection, or association with Plaintiff or any of Plaintiff's products or services; and

7.      Unfairly competing with the Plaintiff in any manner.

B.      Requiring Defendants, jointly and severally, to pay to Plaintiff such damages as Plaintiff has sustained in consequence of the infringement of Plaintiff's OTELS Mark;

C.      Requiring Defendants, jointly and severally, to account for all gains, profits, and advantages derived from infringement of Plaintiff's registered OTELS Mark;

D.      Requiring Defendants, jointly and severally, to file the requisite documents to transfer ownership to Plaintiff of the registered www.otel.com domain name with the proper domain name registrar;

E.      Rescinding the Settlement Agreement between the parties;

F.      Awarding attorney's fees and costs in light of the nature of Defendants' infringing conduct;

G.      Awarding Plaintiff such damages as it has sustained by reason of Defendants' infringement and unfair competition; and that, because of the willful nature of such conduct, entering judgment for Plaintiff for three (3) times the amount of said damages;

H.      Awarding to Plaintiff such damages as it has sustained by reason of Defendants' false advertising, including treble damages, costs and attorney's fees;

I.      Awarding Plaintiff the amount of Defendants' unjust enrichment; and

J.      Affording Plaintiff such further and other relief as this Court may deem just and proper.

## DEMAND FOR A JURY TRIAL

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Otels hereby demands a trial by jury of all issues so triable.

DATED: _____6/2/11_____          BIRCH, STEWART, KOLASCH & BIRCH, LLP

By:_____
Robert J. Kenney
E-mail: rjk@bskb.com
Q. Rick Corrie
E-mail: qrc@bskb.com
Katherine M. Peden
E-mail: kap@bskb.com
8110 Gatehouse Road
Suite 100 E
Falls Church, VA 22042
Telephone:    (703) 205-8000
Facsimile:    (703) 205-8050

Attorneys for Plaintiff, Otels, Inc.