IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| OTELS, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | Civil Action No. 1:11cv0604 (AJT/JFA) |
| v. ) | |
| ) | |
| METIN ALTUN, *et al.*, ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

## PROPOSED FINDINGS OF FACT AND RECOMMENDATIONS

This matter is before the court on plaintiff's motion for default judgment pursuant to Federal Rule of Civil Procedure 55(b) against the remaining defendant in this action, MetGlobal, Inc.[1] (Docket no. 68). Pursuant to 28 U.S.C. § 636(b)(1)(C), the undersigned magistrate judge is filing with the court these proposed findings of fact and recommendations, a copy of which will be provided to all interested parties.

### Procedural Background

On June 2, 2011, plaintiff Otels, Inc. ("plaintiff") filed a complaint asserting a variety of claims against defendant MetGlobal, Inc. ("MetGlobal"), including trademark infringement, unfair competition under both federal and state law (false designation of origin, implied passing off, and false advertising), and breach of contract (Docket no. 1). On June 7, 2011, plaintiff amended its complaint, again asserting a variety of claims[2] against MetGlobal, and a summons later issued for service of the amended complaint. (Docket nos. 4, 5).

---

[1] Pursuant to a Stipulation of Dismissal entered by the court on February 23, 2012, all claims against defendant Metin Altun and Altun's counterclaims against plaintiff have been dismissed. (Docket no. 65).

[2] As the relief requested in plaintiff's motion for default judgment is available for a single violation of the Lanham Act, 15 U.S.C. § 1051, *et seq.*, the court need not consider each of the seven counts contained in the amended complaint; for this reason, these proposed findings of fact and recommendations only address Count I (trademark infringement under the Lanham Act) of the amended complaint.

Due to complications regarding service of the original summons, the court issued an alias summons for service on MetGlobal on August 5, 2011. (Docket no. 6). On August 9, 2011, the alias summons and a copy of plaintiff's amended complaint were served on MetGlobal's registered agent. (Docket no. 8). However, on August 18, 2011, plaintiff's counsel received a letter from MetGlobal's registered agent informing him that MetGlobal had never paid for registered agent services and therefore it could not accept service of process on MetGlobal's behalf. (Docket no. 10).

On August 24, 2011, the court issued a second alias summons for service on MetGlobal. (Docket no. 11). On September 6, 2011, the second alias summons and a copy of the amended complaint were served on Nur Kuyumcu, an individual authorized by law to accept service of process on MetGlobal's behalf. (Docket no. 12). Pursuant to Fed. R. Civ. P. 12(a) a responsive pleading was due from MetGlobal by September 27, 2011, twenty-one days from the date of service. No responsive pleading has been filed by MetGlobal.

On September 28, 2011, plaintiff filed a request for entry of default against MetGlobal. (Docket no. 16). On October 3, 2011, the Clerk of the Court entered a default against MetGlobal pursuant to Federal Rule of Civil Procedure 55(a). (Docket no. 17). On May 2, 2012, the court ordered plaintiff's counsel to appear on May 11, 2012 for a status conference regarding plaintiff's remaining claims against MetGlobal following the dismissal of all claims against defendant Metin Altun on February 23, 2012. (Docket no. 66). At the status conference, plaintiff's counsel advised the court that plaintiff would be filing a motion for default judgment against MetGlobal, which it did on May 16, 2012, along with a memorandum in support and a notice setting a hearing on the motion for June 8, 2012. (Docket nos. 67-70). On June 7, 2012, plaintiff filed an affidavit regarding service of the motion and memorandum in support on a

MetGlobal officer and MetGlobal's registered agent. (Docket no. 71). On Friday, June 8, 2012, counsel for the plaintiff appeared before the undersigned and no one appeared on behalf of MetGlobal. (Docket no. 72).

## Factual Background

The following facts are established by the amended complaint[3] (Docket no. 4) and the memorandum in support of the motion for default judgment (Docket no. 69). Plaintiff is a corporation organized under the laws of the Commonwealth of Virginia and has a principal place of business in the Commonwealth of Virginia. (Am. Compl. ¶ 3). MetGlobal is a corporation organized under the laws of the state of Delaware and has a principal place of business in New York. (Am. Compl. ¶ 5).

Plaintiff is the owner of United States Trademark Registration No. 2,842,433 (issued May 18, 2004) for the mark OTELS for "directory services, namely, providing information on transportation for others" in International Class 039 and "travel agency services, namely, making reservations and bookings for temporary lodging for others; providing information on temporary lodging for others" in International Class 043. (Am. Compl. ¶ 6). Plaintiff has used the OTELS mark in commerce since 2001 and markets its services through the Internet and its website located at <www.otels.com>. (Am. Compl. ¶ 7). Through its use of the OTELS mark, plaintiff has developed significant goodwill and customer recognition as a source of quality travel-related services. (Am. Comp. ¶ 8).

Plaintiff alleges that MetGlobal provides travel agency services, including reservations and bookings for transportation and temporary lodging, under the term "otel.com" and through

---

[3] Citations to the amended complaint are noted as "Am. Compl. ¶ _".

its website at <www.otel.com>. (Am. Compl. ¶ 9).[4] Like plaintiff, MetGlobal "almost exclusively" markets its services through the Internet and its website. (Am. Compl. ¶¶ 7, 10). Plaintiff further alleges that it has been irreparably harmed by MetGlobal's conduct and that absent an injunction that harm will continue. (Am. Compl. ¶ 12).

## Proposed Findings and Recommendations

Rule 55 of the Federal Rules of Civil Procedure provides for the entry of a default judgment when "a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend." Based on the failure of MetGlobal to file a responsive pleading in a timely manner, the Clerk has entered a default. (Docket no. 17). A defendant in default admits the factual allegations in the complaint. *See* Fed. R. Civ. P. 8(b)(6) ("An allegation – other than one relating to the amount of damages – is admitted if a responsive pleading is required and the allegation is not denied."); *see also GlobalSantaFe Corp. v. Globalsantafe.com*, 250 F. Supp. 2d 610, 612 n.3 (E.D. Va. 2003) ("Upon default, facts alleged in the complaint are deemed admitted and the appropriate inquiry is whether the facts as alleged state a claim."). Rule 55(b)(2) of the Federal Rules of Civil Procedure provides that a court may conduct a hearing to determine the amount of damages, establish the truth of any allegation by evidence, or investigate any other matter when necessary to enter or effectuate judgment.

## Jurisdiction and Venue

A court must have both subject matter and personal jurisdiction over a defaulting defendant before it can render a default judgment. Plaintiff asserts various claims under the

---

[4] Plaintiff alleges that defendant Metin Altun applied for a federal trademark registration of <www.otel.com> for "travel agency services, namely, making reservations and bookings for transportation" in International Class 039 and "travel agency services, namely, making reservations and booking for temporary lodging" in International Class 043 on September 30, 2004, several months after plaintiff's trademark registration issued and several years after plaintiff began using the OTELS mark in commerce. (Am. Comp. ¶ 11). The U.S. Patent and Trademark Office denied the application on the grounds that it was likely to cause confusion or mistake and deceive consumers as to plaintiff's OTELS mark and defendant Altun subsequently abandoned the application. (*Id.*).

4

Lanham Act, 15 U.S.C. § 1051, *et seq.* and claims under Virginia law. This court has subject matter jurisdiction over the Lanham Act claims under 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331 and 1338, and supplemental jurisdiction over the related Virginia law claims pursuant to 28 U.S.C. § 1367(a).

Under the Virginia long-arm statute, a court may exercise personal jurisdiction over a corporation as to a cause of action arising from the corporation's transacting any business in the Commonwealth. Va. Code Ann. § 8.01-328.1(A)(1). Plaintiff alleges that MetGlobal uses the term "otel.com" and the domain name <www.otel.com> to provide travel agency services within this judicial district. (Am. Compl. ¶ 9).

Given that MetGlobal is in default and therefore admits the factual allegations in the complaint, the undersigned magistrate judge recommends a finding that this court has subject matter jurisdiction over this action, that the court has personal jurisdiction over MetGlobal, and that venue is proper in this court.

### Service

On August 24, 2011, the court issued a second alias summons for service on MetGlobal. (Docket no. 11). On September 6, 2011, the second alias summons and a copy of the amended complaint were served on Nur Kuyumcu, an individual authorized by law to accept service of process on MetGlobal's behalf. (Docket no. 12).

For these reasons the undersigned recommends a finding that service of process has been accomplished in this action.

### Grounds for Entry of Default

Under Fed. R. Civ. P. 12(a), MetGlobal was required to file an answer or response with the Clerk by September 27, 2011, twenty-one days after service. No responsive pleading was

filed by MetGlobal. On September 28, 2011, plaintiff filed a request for entry of default against MetGlobal. (Docket no. 16). On October 3, 2011, the Clerk of the Court entered a default against MetGlobal pursuant to Federal Rule of Civil Procedure 55(a). (Docket no. 17).

The undersigned recommends a finding that notice of this action was provided properly, that MetGlobal did not file a responsive pleading in a timely manner, and that the Clerk properly entered a default as to MetGlobal.

### Liability and Relief Sought

According to Fed. R. Civ. P. 54(c), a default judgment "must not differ in kind from, or exceed in amount, what is demanded in the pleadings." Because no responsive pleading was filed, the factual allegations in the complaint are deemed admitted. *See* Fed. R. Civ. P. 8(b)(6). In the motion for default judgment plaintiff seeks an order enjoining MetGlobal from further infringing plaintiff's rights in the OTELS mark in any manner, including but not limited to advertising, marketing, offering for sale, selling, or otherwise providing services under the term "otel.com" and at the website located at the <www.otel.com> domain name. (Docket no. 69 at 7).

**Trademark Infringement**

To prevail on its claim for trademark infringement under the Lanham Act, 15 U.S.C. § 1114(1)(a), plaintiff must establish that it has a registered mark and that MetGlobal's unauthorized use of a colorable imitation of the mark in commerce is likely to cause confusion among consumers. *See Rosetta Stone Ltd. v. Google, Inc.*, 676 F.3d 144, 152 (4th Cir. 2012); *Louis Vuitton Malletier S.A. v. Haute Diggity Dog, LLC*, 507 F.3d 252, 259 (4th Cir. 2007); *Synergistic Int'l, LLC v. Korman*, 470 F.3d 162, 170 (4th Cir. 2006); *People for the Ethical Treatment of Animals v. Doughney*, 263 F.3d 359, 364 (4th Cir. 2001).

As alleged in the complaint, plaintiff has obtained a United States Trademark Registration for its OTELS mark. (Am. Compl. ¶ 6). A review of MetGlobal's domain name (otel.com) and the website at that domain name reveals that MetGlobal's use of OTEL (a mark that is strikingly similar to the OTELS mark) is likely to cause confusion among consumers.

In assessing the likelihood of confusion in a trademark infringement case, the Fourth Circuit has identified nine factors that should be considered: (1) the strength or distinctiveness of plaintiff's mark; (2) the similarity of the parties' marks; (3) the similarity of the goods or services that the marks identify; (4) the similarity of the facilities used by the parties; (5) the similarity of advertising used by the parties; (6) MetGlobal's intent; (7) actual confusion; (8) the quality of MetGlobal's product; and (9) the sophistication of the consuming public. *George & Co. LLC v. Imagination Entm't Ltd.*, 575 F.3d 383, 393 (4th Cir. 2009) (citing *Pizzeria Uno Corp. v. Temple*, 747 F.2d 1522, 1527 (4th Cir. 1984) (identifying factors one through seven); *Sara Lee Corp. v. Kayser-Roth Corp.*, 81 F.3d 455, 463-64 (4th Cir. 1996) (identifying factors eight and nine)). Not all of these factors will be relevant in every trademark dispute and there is no need for each factor to support plaintiff's position on the likelihood of confusion issue; however, evidence of actual confusion is particularly important in analyzing the likelihood of confusion. *See Lone Star Steakhouse & Saloon, Inc. v. Alpha of Va., Inc.*, 43 F.3d 922, 937 (4th Cir. 1995); *Anheuser-Busch, Inc. v. L & L Wings, Inc.*, 962 F.2d 316, 320 (4th Cir. 1992); *Pizzeria Uno Corp. v. Temple*, 747 F.2d 1522, 1527 (4th Cir. 1984).

The registration for the OTELS mark on the Principal Register is *prima facie* evidence that the mark is at least descriptive and has acquired distinctiveness. *America Online, Inc. v. AT&T Corp.*, 243 F.3d 812, 816 (4th Cir. 2001). MetGlobal's use of "otel.com" at its <www.otel.com> domain name is very similar to plaintiff's use of the OTELS mark at its

7

<www.otels.com> domain name. The only difference between the mark used by MetGlobal and the plaintiff's mark is the "s" in OTELS. Further, like plaintiff, MetGlobal uses "otel.com" and the website located at its domain name to provide travel services. (Am. Compl. ¶¶ 9, 10). The parties also engage in very similar Internet keyword advertising, which plaintiff argues has created actual confusion between the OTELS mark and MetGlobal's use of that mark. (Am. Compl. at ¶¶ 14-17; Docket no. 69 at 6). Finally, while there is no direct evidence of MetGlobal's intent, it is difficult to believe that its prominent use of a close variation of the OTELS mark is for any reason other than to trade on plaintiff's goodwill in the OTELS mark.[5]

For these reasons the undersigned recommends a finding that MetGlobal has infringed plaintiff's OTELS mark in violation of 15 U.S.C. § 1114.

**Relief Sought**

The Lanham Act provides the court the power to grant injunctions, "according to the principles of equity and upon such terms as the court may deem reasonable, to prevent the violation of any right of the registrant of a mark registered in the Patent and Trademark Office." 15 U.S.C. § 1116(a).

> Any such injunction may include a provision directing the defendant to file with the court and serve on the plaintiff within thirty days after the service on the defendant of such injunction, or such extended period as the court may direct, a report in writing under oath setting forth in detail the manner and form in which the defendant has complied with the injunction. Any such injunction granted upon hearing, after notice to the defendant, by any district court of the United States, may be served on the parties against whom such injunction is granted anywhere in the United States where they may be found, and shall be operative and may be enforced by proceedings to punish for contempt, or otherwise, by the court by which such injunction was granted, or by any other United States district court in whose jurisdiction the defendant may be found.

(*Id.*)

---

[5] It should be noted that plaintiff's breach of contract claim (Count VII in the amended complaint) arises out of the breach of a settlement agreement the parties to this action executed in an attempt to resolve a prior action brought by the plaintiff against MetGlobal and defendant Metin Altun for infringement of the OTELS mark and unfair competition. (Am. Compl. ¶¶ 48-61). That settlement agreement specifically addressed certain infringing uses of the OTELS mark on MetGlobal's website. (Am. Compl. ¶¶ 52, 54).

8

For the court to provide the equitable relief requested here, "[p]laintiff must demonstrate irreparable harm, the inadequacy of a legal remedy (monetary damages), a weight in its favor when balancing hardships, and that the public would not be disserved by making the injunction permanent." *Toolchex, Inc. v. Trainor*, 3:08cv0236, 2009 WL 2244486, at *2 (E.D. Va. 2009) (citing *eBay Inc. v. MercExchange, L.L.C.*, 547 U.S. 388, 391 (2006)).

"[I]rreparable injury regularly follows from trademark infringement." *Lone Star Steakhouse & Saloon, Inc. v. Alpha of Virginia, Inc.*, 43 F.3d 922, 939 (4th Cir. 1995). And, as alleged in plaintiff's amended complaint, established through MetGlobal's default, and simply stated in plaintiff's motion for default judgment, "MetGlobal is using a similar mark in connection with the same type of business, and targeting the same potential customers through the same advertising channels." (Docket no. 69 at 7). Also as alleged in the complaint, absent an injunction MetGlobal will continue to infringe on plaintiff's OTELS mark, causing damage to plaintiff's goodwill that is not readily quantifiable. Further, the real threat of MetGlobal's continued infringement outweighs the hardship it would suffer if the court entered an injunction (if any) and the public would in fact be served by prohibiting MetGlobal from further engaging in conduct that is likely to cause confusion or mistake.

For these reasons, the undersigned recommends that MetGlobal be enjoined from further infringement of plaintiff's OTELS mark.

### Conclusion

For the foregoing reasons, the undersigned magistrate judge recommends that a default judgment be entered in favor of Otels, Inc. and that an order be entered permanently enjoining defendant MetGlobal, Inc., along with its officers, agents, servants, employees, attorneys, and other persons who are in active concert or participation with it and who receive actual notice of

the order, from using the OTELS trademark, any other mark or name that includes OTELS, or any other mark confusingly similar to the OTELS trademark, including OTEL and OTEL.COM.

### Notice to Parties

Failure to file written objections to these proposed findings of fact and recommendations within fourteen (14) days after being served with a copy of these proposed findings of fact and recommendations may result in the waiver of any right to a *de novo* review of these proposed findings and recommendations and such failure shall bar you from attacking on appeal any findings and conclusions accepted and adopted by the District Judge except upon grounds of plain error.

A copy of these proposed findings of fact and recommendations shall be sent to MetGlobal's registered agent Salli Saunders, 3500 S. DuPont Highway, Dover DE 19901 and MetGlobal's officer/agent Suat Kantarci, 330 West 38th Street #202, New York NY 10018.

ENTERED this 13th day of June, 2012.

/s/
John F. Anderson
United States Magistrate Judge

Alexandria, Virginia